IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02359-BNB

CORRI DITTIMUS, a/k/a DERRICK ANDERSON,

    Plaintiff,

v.

TOM CLEMENTS, Director of Corrections,
MARY CARLSON, Manager of Time and Release,
CHAIRMAN OF THE COLORADO BOARD OF PAROLE,
JIM PETERS, Parole Board Member,
MR. WATERS, Parole Board Member,
CASE MANAGER III ORTIZ,
JUDY LEE, Case Manager,
HEAD OF THE DIVISION OF ADULT PAROLE,
JOE BRADY, Parole Supervisor,
WES ALLEN, Parole Supervisor,
MICHELLE ANDERSON, Parole Officer,
MEGAN YOUNG, Parole Officer,
RYAN CORYELL, Parole Officer,
COLORADO DEPARTMENT OF CORRECTIONS,
CORRECTIONS CORPORATION OF AMERICA (DIRECTOR),
BENT COUNTY CORRECTIONAL FACILITY,
BRIGHAM SLOAN, Warden of Bent County Correctional Facility,
MR. SABOLSKI, Unit Manager B.C.C.F.,
MS. GONZALES, Case Manager B.C.C.F., and
HEAD OF OFFENDER SERVICES, C.D.O.C.,

    Defendants.

ORDER OF DISMISSAL

    Plaintiff, Corri Dittimus, also known as Derrick Anderson, is a prisoner in the custody of the Colorado Department of Corrections at the Bent County Correctional Facility in Las Animas, Colorado. Mr. Dittimus has filed *pro se* a Prisoner Complaint (ECF No. 8) pursuant to 42 U.S.C. § 1983 claiming that Defendants have violated his

rights under the United States Constitution by requiring him to serve two periods of mandatory parole. He seeks damages as relief. For the reasons stated below, the action will be dismissed.

The Court must construe the Prisoner Complaint liberally because Mr. Dittimus is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Prisoner Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id.*

As noted above, Mr. Dittimus alleges he has been forced to serve two periods of mandatory parole. He specifically describes his claims in this action as follows:

> On or about February 13, 2011, it was found that the defendants were subjecting the Plaintiff to serving 2 periods of mandatory parole which is prohibited by Colorado Revised Statute 18-1.3-401(1)(a)(V)(E). In addition to[] violating the Separation of Power, a constitutional doctrine, by changing an Adams County District Court order then misconstruing the application of Colorado Revised Statute 17-22.5-101. This was done in order to give the Plaintiff more time in the custody of the defendants. As of the date of this filing, the defendants are still subjecting the Plaintiff to the abuse of authority. Even after the Plaintiff has made many attempt[s] to resolve [the] matter directly with the defendants. These actions are in violation of the Plaintiff's 8th and 14th Amendment rights which are protected by the United States Constitution, as well as, Article II sections 20 and 25 of the Colorado Constitution. The Plaintiff is therefore suing the defendants for compensation d[ue] to the illegal confinement, as well as, constructive confinement starting from the above mentioned date. This all amounts to

      deliberate indifference.

(ECF No. 8 at 8.)

      The claims for damages Mr. Dittimus asserts in the Prisoner Complaint must be dismissed because those claims are barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994). Pursuant to *Heck*, if a judgment for damages necessarily would imply the invalidity of a criminal conviction or sentence, the action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ. *See Heck*, 512 U.S. at 486-87. Although Mr. Dittimus is not challenging the validity of his conviction or sentence, the rule in *Heck* also applies to his claims raising parole issues that challenge the validity of the length of an inmate's confinement. *See Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996) (per curiam) (stating that *Heck* applies to proceedings related to parole and probation). In short, a civil rights action filed by a state prisoner "is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

      It is clear that Mr. Dittimus contends his rights have been violated "in order to give the Plaintiff more time in the custody of the defendants" and that he is "suing the defendants for compensation d[ue] to the illegal confinement." (ECF No. 8 at 8.) It also is clear that Mr. Dittimus has not invalidated the validity of his confinement because he alleges that "[a]s of the date of this filing, the defendants are still subjecting the Plaintiff

to the abuse of authority." (*Id.*) In fact, Mr. Dittimus also has filed an application for a writ of habeas corpus seeking his immediate release based on the same claims he is asserting in this action. *See Dittimus v. Sloan*, No. 12-cv-02840-BNB (D. Colo. filed Oct. 22, 2012). Therefore, the Court finds that the claims for damages Mr. Dittimus asserts in the Prisoner Complaint are barred by the rule in *Heck* and must be dismissed. The dismissal will be without prejudice. *See Fottler v. United States*, 73 F.3d 1064, 1065 (10th Cir. 1996).

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal he also must pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Prisoner Complaint and the action are dismissed without prejudice because the claims for damages are barred by the rule in *Heck*. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this  30th  day of    October   , 2012.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court